# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN W. BOLES,

        Petitioner,    :    Case No. 3:18-cv-236

  - vs -                     District Judge Thomas M. Rose
                              Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE
  AUTHORITY,

                               :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2254 brought *pro se* by Petitioner Brian W. Boles (Petition, ECF No. 1). When the case was transferred here from the Northern District of Ohio, the Magistrate Judge ordered an answer to be filed (Order for Answer, ECF No. 7). In response, the Attorney General has filed the State Court Record (ECF No. 9) and a Return of Writ ECF No. 10). The same order set a deadline for Petitioner's reply of twenty-one days after the Answer or August 23, 2018. That time has expired and Petitioner has neither filed a reply nor sought an extension of time to do so. The case is therefore ripe for decision.

Petitioner Brian Boles signed his Petition in this case on May 26, 2018, and presumably placed it in the prison mail system that day (ECF No. 1, PageID 15). The Magistrate Judge read the Petition as claiming that Boles had been sentenced to six months confinement on a new conviction of domestic violence on November 17, 2017, and was being held beyond expiration of that sentence (Order for Answer, ECF No. 7, PageID 34). As the Return of Writ points out, Boles was given seventy-four days jail time credit on the November 14, 2017, conviction and had

1

completed serving that sentence long before he filed for habeas corpus relief. Because he was not in custody on the November 14th conviction when he filed, this Court lacks jurisdiction to adjudicate any claim he may have about the November 14th conviction. *Maleng v. Cook*, 490 U.S. 488 (1989). Any claim related to the November 14th conviction should be dismissed for lack of jurisdiction.

Because he was on post-release control for two prior convictions when he committed the new domestic violence offense, the Adult Parole Authority charged him with a violation, held a hearing, and imposed a sentence of 162 days confinement for that violation. Although there were two post-release control terms being served, the time for the violations apparently was ordered to run concurrently. Since Boles actually sued the Adult Parole Authority, the Court now understands it is the post-release control term of which he is complaining. However, the Petition does not state any claim of deprivation of constitutional rights relating to that term of incarceration. In particular, nothing in the Constitution requires that a term of incarceration for violating post-release control must be served concurrently with the sentence for the crime that constitutes the violation.

Because the Court has no jurisdiction over the expired domestic violence term and Boles pleads no constitutional claim as to the post-release revocation term, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 4, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).